**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Siemens Financial Services Incorporated,

Plaintiff,

v.

Bison Logistics LLC, et al.,

Defendants.

No. CV-26-01801-PHX-MTL

**ORDER**

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. 14). Defendants were properly served and failed to answer. (Docs. 7, 8.) The Clerk of Court entered default against them. (Docs. 11, 12.) Defendants did not respond to the Motion within the time allotted by the local rules of civil procedure.

The Court has reviewed the Motion, the attachments thereto, and the record. Jurisdiction and venue are proper. Plaintiff has satisfied all process and notice requirements. Plaintiff has also satisfied the conditions for the entry of default and the entry of a default judgment under Federal Rule of Civil Procedure ("Rule") 55(a) and (b).

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors below are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong

> policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*

The first, fifth, and sixth factors weigh in Plaintiff's favor. Denying default judgment would leave Plaintiff without a remedy, because Defendants chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor also supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the Motion. *Id.* Additionally, the sixth factor warrants entering default judgment because Defendants were properly served under Federal Rule of Civil Procedure 4(e) and (h), and Arizona Rule of Civil Procedure 4.1. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). The Court finds that Plaintiff has sufficiently alleged entitlement to relief on the merits. The complaint alleges claims against Defendant Bison Logistics, LLC for failing to make payments on two loan agreements. The complaint also alleges that Alexandru Popa, Bison Logistics, LLC's sole member, defaulted on the personal guarantees for the loan agreements. The complaint specifies Plaintiff's alleged damages against both defendants. Finally, the complaint adequately asserts a claim for replevin under Arizona common law to recover specified collateral, namely, three Freightliner Cascadia tractors. The Court finds that these factors weigh in Plaintiff's favor.

Under the fourth factor, the Court considers the amount of money at stake related to the seriousness of Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the

sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Streeter*, 438 F. Supp. 2d at 1071. Plaintiff seeks default judgment in the amount of $372,714.59, representing total principal amounts due under the loan agreements, the personal guarantee, and applicable default late charges. (*See* Declaration of Joseph Altieri at Doc. 14-1) This amount incorporates credits in Defendants' favor, including payments made servicing the debt. This amount is not trivial. "Where large sums of money are at stake, entry of default judgment is disfavored." *Bd. of Trs. of Ariz. Bricklayers' Pension Tr. Fund v. Obeso*, No. CV-18-01765-PHX-JGZ, 2019 WL 4169005, at *3 (D. Ariz. Sep. 3, 2019). "Nevertheless, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). The Court, weighing the substantial amount requested by Plaintiff against Defendants' perceived attempt to avoid liability by not appearing, concludes that the fourth *Eitel* factor is neutral.

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment, but the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

Upon weighing all the *Eitel* factors, the Court finds that Plaintiff is entitled to default judgment against Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff Siemens Financial Services Incorporated's ("SFS") Motion for Default Judgment (Doc. 14) is **GRANTED** as follows:

1. Judgment is entered in favor of SFS and against Defendants jointly and severally in the total principal amount of $252,291.64 as of October 30, 2026, plus (i) total

default late charges in the amount of $120,422.95, and (ii) total *per diem* default late charges of $109.33 from October 30, 2026, until entry of judgment.

2. SFS has a perfected security interest in one (1) 2019 Freightliner Cascadia PT126SLP Tractor, VIN 3AKJHHDR0KSKC5288, one (1) 2020 Freightliner Cascadia Tractor, VIN 3AKJHHDR9LSLR4585, and one (1) 2020 Freightliner Cascadia Tractor, VIN 3AKJHHDR8LSKL7808, together with all other equipment related thereto and proceeds thereof (collectively, the "Collateral").

3. SFS has the right to take immediate possession of the Collateral from Bison Logistics, or individuals acting at its direction.

4. Defendants are ordered to immediately turn over and deliver the Collateral to SFS.

5. That this action be declared as arising out of contract based on Defendants' defaults under the Loan Agreements and Guarantees and that SFS be declared the successful party under A.R.S. § 12-341 and A.R.S. § 12-341.01(A) based on Defendants' failure to plead or otherwise defend against SFS' Complaint as set forth in Rule 55.

6. Not including attorneys' fees and nontaxable expenses, SFS is awarded $372,714.59 against Defendants jointly and severally, and interest shall accrue at the statutory rate from the date of this Judgment until such amount has been paid in full.

7. SFS may file a motion for attorneys' fees and nontaxable expenses pursuant to Rule 54(d) and the Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 23rd day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge